IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ABRAHAM,<br><br>    *Plaintiff,*<br><br>  v.<br><br>HOME DEPOT U.S.A. INC.,<br><br>    *Defendant.* | CIVIL ACTION<br>NO. 21-2238 |

**PAPPERT, J.**                                   December 6, 2021

**MEMORANDUM**

   Home Depot U.S.A., Inc., moves to dismiss Mark Abraham's complaint for failure to prosecute. The Court grants its uncontested motion.

I

   Mark Abraham alleges that he suffered head and back injuries when a garage door fell on his head while he was visiting Home Depot. (Complaint ¶¶ 7–8, 13–14, ECF No. 1-5.) He sued Home Depot for negligence in the Philadelphia County Court of Common Pleas and Home Depot removed the case. (ECF No. 1.) The Clerk of Court designated the case for arbitration and a hearing was scheduled for October 12, 2021. (ECF No. 7.)

   On September 28, 2021, Home Depot told the Court Abraham failed to appear for his independent medical examination (IME). Home Depot initially scheduled the IME for September 15. When he failed to appear, Home Depot rescheduled the appointment for September 28. Again, Abraham did not attend. The fee for each missed appointment was $1,750.

1

The Court then scheduled a telephone conference for September 30, during which Abraham's counsel acknowledged that her client was unreliable and uncooperative. While he had offered his counsel perfunctory excuses for missing both appointments, he did not corroborate those excuses when she asked him to do so. Home Depot's counsel then explained that the neurologist they obtained to conduct the IME was not be available again until November, after the scheduled arbitration hearing. The Court asked the parties to consider a voluntary or stipulated dismissal and explained that Home Depot could seek sanctions if the case moved forward without Abraham making himself available for an IME.

For unrelated reasons, the arbitration was subsequently rescheduled for December 13, 2021. (ECF Nos. 12, 14.) Home Depot rescheduled Abraham's IME for November 10 and notified plaintiff's counsel of the new date. For a third time, Abraham did not attend. Home Depot then moved to dismiss the complaint based on Abraham's deleterious conduct. (ECF No. 16.) Abraham did not respond.

On December 3, after the time to respond to Home Depot's motion elapsed, the Court scheduled a telephone conference to discuss the motion and plaintiff's conduct. (ECF No 18.) At the conference, Abraham's counsel stated she did not oppose the motion, which she described as appropriate. She explained that Abraham remained recalcitrant and uncooperative and claimed to have no control over her client. She also said he had assured her that he would "absolutely" attend the November 10 examination.

II

Federal Rule of Civil Procedure 41(b) permits a court to dismiss a suit for failure to prosecute.  A case may be dismissed with prejudice under Rule 41(b) or the Court's inherent authority when doing so is necessary "to achieve the orderly and expeditious disposition of cases."  *Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994) (citations omitted).  While there is a strong policy in favor of deciding cases on the merits, "dismissal is a sanction rightfully in the district courts' toolbox."  *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019).

Before dismissing a case as a sanction for a party's litigation conduct, a court typically must consider and balance the factors identified by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility;
>
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
>
> (3) a history of dilatoriness;
>
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
>
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions and
>
> (6) the meritoriousness of the claims or defenses.

*Id.* at 868 (emphasis omitted).  There is no "magic formula" or "mechanical calculation" when analyzing the *Poulis* factors.  *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citation omitted). "[N]o single . . . factor is dispositive."  *Id.*

III

After considering these factors, dismissal with prejudice is an appropriate sanction for Abraham's conduct. To begin, Abraham is personally responsible for missing his appointments. He knew of the scheduled appointments and did not go. When his lawyer asked him to corroborate his excuses for missing his initial appointment and his first rescheduled appointment, he did not do so. Then, before his third appointment, Abraham assured his counsel that he "absolutely" would attend. Abraham was on notice of the appointments and bears personal responsibility for his nonattendance. It was his conduct, not his counsel's, that prevented his case from proceeding to arbitration in a timely manner.

Abraham's refusal to attend his scheduled IMEs prejudiced the defendant. Prejudice includes burdens that impede a party's ability to effectively prepare for trial. *See Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008). For example, a defendant may be prejudiced when the plaintiff's failure to participate in discovery deprives it of important information. *Id*. The extent of Abraham's injuries is a critical issue in the case, and his repeated refusal to attend an independent medical examination prevented Home Depot from developing its defense. *See Weinhofer v. Weis Mkts., Inc.* at *5, No. 15-5002, 2016 WL 7474480 (E.D. Pa. Dec. 29, 2016) (explaining that plaintiff's failure to attend IMEs prejudiced defendant's preparation of its case). Abraham's conduct also forced the Defendant to spend time and money rescheduling his IME, contacting the Court to seek continuances, and ultimately moving to dismiss his complaint for failure to prosecute.

This is not an isolated incident.  Abraham skipped his IME not once or twice, but three times.  Each time, he jeopardized the parties' ability to proceed to arbitration in a timely manner.  Then, when confronted with a motion to dismiss based on his failure to actively participate in discovery, Abraham did not respond.  While Abraham's refusal to attend his IME appointments is the most egregious example of dilatory conduct, it is not alone.

Moreover, Abraham's refusal to attend the IMEs was willful and in bad faith. Abraham refused to corroborate the excuses he gave to his counsel for missing his first two appointments, and he assured her that he would "absolutely" attend the November 10 appointment.  His repeated nonattendance makes each individual excuse less credible, permitting the inference that he intentionally missed each appointment.  *See Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005) ("Absence of reasonable excuses may suggest that the conduct was willful or in bad faith.").

"Ignoring admonitions by the court" and "making false promises to correct delays" are both examples of conduct that can support a finding of willfulness and bad faith.  *Hildebrand*, 923 F.3d at 135.  Here, after the Court warned Abraham's counsel that Home Depot could pursue sanctions if Abraham failed to submit to an IME, Abraham promised her that he would "absolutely" attend his third IME appointment.

Alternative sanctions are unlikely to change Abraham's behavior.  Sanctions directed at Abraham's attorney would have no impact on Abraham's own conduct, and it seems unlikely that monetary sanctions against him would provide meaningful additional deterrence: he has already incurred more than $5000 in fees because of missed appointments.  Similarly, when he missed his November 10 appointment, the

5

Court had already informed his counsel that it was considering sanctions. His decision not to attend that examination despite the threat of sanctions suggests that a formal order to attend a fourth medical examination would be unlikely to change his conduct. Indeed, Abraham's counsel agreed that the Court would be right to dismiss the case based on her client's conduct.

While the merits of Abraham's claim weigh in his favor, this factor does not change the outcome. A claim is considered meritorious if it would survive a motion to dismiss. *Poulis*, 747 F.2d at 869–70. Home Depot concedes that Abraham's claim clears this bar. (Def.'s Mem. Supp. Mot. Dismiss at 5, ECF No. 16-5). But the weight of this factor depends in part on the strength of the case. *See Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 877 n.7 (3d Cir. 1994). In *Hildebrand v. Allegheny County*, for example, the Third Circuit Court of Appeals emphasized that pages of specific factual allegations in the plaintiff's complaint made it "evident from even a glance" that he had stated a plausible claim. 923 F.3d at 137. Here, Abraham does nothing more than cursorily assert several ways in which Home Depot was supposedly negligent. (Compl. ¶ 13.) Assuming this is enough to survive a motion to dismiss, it is far from a strong claim.

Five of the six *Poulis* factors weigh in favor of dismissing Abraham's case. Of these, the Court finds Abraham's personal responsibility and willful involvement in the conduct at issue particularly salient. An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.